1129A3 merely- Let me ask this, Ms. Spinelli. When you say they couldn't have been what Congress intended, how do you think Congress would signal express preemption? What language would you suggest the United States Congress adopt if notwithstanding any other law isn't strong enough? What could they say to make it clear? Judge Jordan, that language unquestionably signals express preemption. The question here is what is the scope of the preemption? Since there's no limitation whatsoever in the expression, is there a limitation in that expression that would limit the scope in some fashion? There is a limitation. That phrase modifies the statute's directive that a plan shall contain the eight required elements. There's no grammatical or syntactic reason to extend it to the examples that follow this such as language in paragraph A5. And that makes sense because of the absurdities and incongruities that would result if one did that. I mean, not only the absurd examples that we were discussing, which I think can't be distinguished from this situation. There's no textual basis for finding preemption in this situation and not there. But also because that reading would render quite a few other provisions of the Bankruptcy Code surplusage, such as Section 1142, which governs the implementation of a plan and has a much more limited preemption clause that relates only to laws relating to financial condition. That would be wholly unnecessary under Apolli's reading of the statute. Similarly, Section 1145 preempts certain aspects of the securities laws with respect to the issuance of securities under a plan. That, too, would be surplusage under Apolli's reading because 1123A5J refers to the issuance of securities under a plan. And I could give more examples, but I won't go on. The other point is that the legislative history contains no indication whatsoever that Congress intended this language to have the sweeping preemptive effect that Apolli's would accord it. On the contrary, it's entirely consistent with our interpretation. It was described as a technical, stylistic amendment whose purpose was to make clear that the rules governing what is to be contained in the reorganization plan are those specified in this section. Thank you very much. Thank you, Ms. Dunnell. And thanks to all counsel. This is a very difficult case, very well presented. We'll take the case under advisement.